Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4908 | **DATE** | 3/20/2001 |
| **CASE TITLE** | US ex rel. Staples vs. Cowan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** The Petitioner's motion (Doc 15-1) for voluntary dismissal is granted, and his petition for writ a habeas corpus is accordingly dismissed without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 21 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 19 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SCT  courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel., ) | | |
| DAVID STAPLES, ) | | |
| ) | | |
| Petitioner, ) | | |
| ) | | |
| vs. ) | 00 C 4908 | |
| ) | | |
| ROGER D. COWAN, ) | | |
| ) | | |
| Respondent. ) | | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on the Petitioner's motion to voluntarily dismiss his petition for writ of habeas corpus. For the reasons stated below, the Court grants the Petitioner's motion.

### BACKGROUND

On August 10, 2000, the Petitioner, David Staples, filed his petition for a writ of habeas corpus with this Court. In his petition, Staples raises issues of due process and ineffective assistance of counsel. On February 5, 2001, the Petitioner moved to voluntarily dismiss his petition in order to pursue relief in state court. The Respondent, Roger Cowan, opposes the Petitioner's efforts to dismiss this action.

19

## DISCUSSION

A motion for voluntary dismissal in the federal system is controlled by Federal Rule of Civil Procedure 41(a). See Fed. R. Civ. P. 41(a)(1)-(2).

Under Rule 41(a)(2), an action may be dismissed on the order of the Court without prejudice to the plaintiff to refile at a later date. Dismissal under Rule 41(a)(2) is within the sound discretion of the trial court. FDIC v. Knostman, 966 F.2d 1133, 1142 (7th Cir. 1992). Courts will not grant a motion for voluntary dismissal when it would result in legal prejudice to a defendant. See Puerto Rico Maritime Shipping Authority v. Leith, 668 F.2d 46, 50-51 (1st Cir. 1981); United States v. Outboard Marine Corp., 789 F.2d 487, 502 (7th Cir. 1986).

Courts have articulated several factors to be considered when deciding whether sufficient prejudice exists to prevent the dismissal of an action under Rule 41(a)(2). See generally, Barron v. Snyder, 2001 WL 63735 (D. Del. Jan. 10, 2001) (listing, in the context of a habeas case, factors that give rise to legal prejudice under Rule 41(a)(2)). The Seventh Circuit has found two factors to be of particular interest: (1) the procedural posture of the case at the time of the request for voluntary dismissal; and (2) the reason for the plaintiff's request for voluntary dismissal. Jones v. Simek, 193 F.3d 485, 491 (7th Cir. 1999) citing Tolle v. Carroll Touch, Inc., 23 F.3d 174, 177 (7th Cir. 1994).

The Court finds that the procedural posture of this case does not prevent it from granting the Petitioner's motion for voluntary dismissal. The current matter has been on this Court's docket since August of 2000. Any delay in this case would seem to be largely attributable to the state. The Respondent was granted two extensions to file its responsive pleading, eventually filing something on January 19, 2001. Staples' motion for voluntary dismissal was filed on February 5, 2000. At this early stage of the litigation, neither the parties nor the Court has expended much energy or resources on this matter, and dismissal is appropriate. See Doster v. Jones, 60 F. Supp. 2d 1258, 1260 (M.D. Ala. 1999) (granting dismissal of habeas petitioner's suit when petitioner moved for voluntary dismissal within one month of respondent filing an answer).

The Court also finds the Petitioner's reason for his request for a voluntary dismissal to be acceptable. The Petitioner claims his sentencing scheme was declared unconstitutional by an Illinois Appellate Court. See People v. Clifton, 2000 WL 1459781 (Ill. App. Ct. Sept. 29, 2000). Petitioner, under the auspices of judicial economy, requests this voluntary dismissal in order to mount a new challenge to his sentence in state court. This Court, without commenting on the viability of any of the Petitioner's theories advanced in his pleadings, finds that it would be more practical for the Petitioner to return to state court and dismiss his pending federal action. Further, the Court does not find a sinister motive for dismissal on the part of Petitioner.

A Court should not allow a plaintiff to voluntarily dismiss a complaint to avoid an unpleasant decision by the court. See In re Brand Name Prescription Drugs Antitrust Litigation, 1995 WL 495937, *2 (N.D. Ill. Aug. 17, 1995) (holding that plaintiffs cannot seek to dismiss an action to avoid consequences of denial of class certification). There is no such motive alleged in this case, and the Court does not discern such a motive upon its own review.

The Court finds that the defendant would not suffer legal prejudice if Staples were allowed to voluntarily dismiss his case. The Respondent claims it has an interest in finality of judgment. See Resp.'s Objections to Pet.'s Mot. to Dismiss at ¶ 8. This interest does not arise to the level of prejudice. The mere prospect of a second suit, in this case a second habeas petition, is not enough to prejudice the defendant. See Puerto Rico Maritime Shipping, 668 F.2d at 50. Under the current habeas corpus laws, it is the Petitioner who is more likely to be prejudiced by the lapse of time. This Court cautions the Petitioner to ensure that he is not prejudiced by the delay of this action.

In addition to the Court's findings under Rule 41(a)(2), the Court also notes that the Petitioner may be entitled to voluntarily dismiss his action under Rule 41(a)(1). Subject to any statutory limitations, an action may be dismissed by the plaintiff without an order of the court "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever is first."

Fed. R. Civ. P. 41(a)(1)(i). In the instant case, the Respondent has filed a set of exhibits with the Clerk of the Court, but there is no answer or response to the petition for writ of habeas corpus on file. These exhibits cannot be construed as an answer as contemplated by the federal habeas statute. An answer to a petition for writ of habeas corpus is required to "respond to the allegations of the petition" according to Rule 5 of the Rules Governing § 2254 Cases. 28 U.S.C. § 2254 foll. "The purpose of the answer is to frame the issues in dispute, as well as to ferret out unmeritorious petitions." Williams v. Calderon, 52 F.3d 1465, 1483 (9th Cir. 1995) citing Advisory Committee Notes to Rule 5. The exhibits filed by the Respondent in this case do not address the arguments of Staples' petition, and cannot be considered an answer.

## CONCLUSION

The Petitioner's motion for voluntary dismissal is granted, and his petition for writ of habeas corpus is accordingly dismissed without prejudice.

_Charles P. Kocoras_
Charles P. Kocoras
United States District Judge

Dated: March 20, 2001