# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4908 | **DATE** | 9/10/2003 |
| **CASE TITLE** | US ex rel. David Staples vs. Eugene McAdory | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Ruling held. **ENTER MEMORANDUM OPINION:** We deny Staples' petition for a writ of habeas corpus.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | |
| | No notices required. | | |
| | Notices mailed by judge's staff. | SEP 1 1 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 34 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>DAVID STAPLES,<br><br>    Plaintiff,<br><br>vs.<br><br>EUGENE MCADORY,<br><br>    Defendant. | No. 00 C 4908 |

**MEMORANDUM OPINION**

SEP 1 1 2003

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the petition of David Staples ("Staples") for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied.

**BACKGROUND**

On August 18, 1995, Staples was convicted in the Circuit Court of Cook County, Illinois, of first degree murder, attempted first degree murder, aggravated battery with a firearm, and armed violence in connection with a shooting incident. He was sentenced to serve a total of 62 years in prison. In 1997, the Illinois Appellate Court

affirmed the conviction and sentence. Staples did not pursue his appeal to the Illinois Supreme Court.

Staples has filed two post-conviction petitions in the state court. Both were summarily dismissed, and the dismissals were affirmed on appeal. In between these two petitions, Staples filed the instant petition for relief under 28 U.S.C. § 2254(a). He voluntarily dismissed his federal petition in 2001 to allow the state court to decide the outcome of his second post-conviction petition. On December 5, 2002, the Illinois Supreme Court denied Staples leave to appeal the dismissal of the second petition. Shortly thereafter, he reinstated his federal petition for a writ of habeas corpus.

## LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act, a prisoner in state custody cannot be granted habeas relief "unless the state court decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented to the State court proceeding." *Schaff v. Snyder*, 190 F.3d 513, 521 (7th Cir. 1999) (quoting 28 U.S.C. §§ 2254(d)(1) & (2)). The scope of federal review of state court decisions in habeas petitions is very narrow. *Schaff*, 190 F.3d at 521-23. To secure a writ, a "petitioner first must show that the Supreme Court has 'clearly established' the

propositions essential to [his] position." *Id.* at 522. To be considered clearly established, a rule must be compelled by existing Supreme Court precedent, and only clearly established rules may be used in collateral attacks on a state court conviction or sentence. *Id.* A claim for relief under § 2254 must be supported by a Supreme Court case clearly establishing the relevant principle, and the case must have been decided before the time of the petitioner's direct appeal. *Id.*

If the petitioner can clear this first hurdle, he or she must then show that the state decision was either contrary to or an unreasonable application of the relevant Supreme Court case law. *Id.* In other words, the state court decision must be "diametrically different" or "opposite" to an established federal law before relief can be granted. *Williams v. Taylor*, 529 U.S. 362, 388 (2000). With these principles in mind, the court turns to Staples' arguments in support of his habeas petition.

## DISCUSSION

Staples' original petition included eight grounds for habeas relief. In his reply to the State's answer, however, Staples admitted that grounds two, four, five, and six were not proper bases for a habeas petition. Accordingly, we limit our discussion to his remaining arguments, which both stem from alleged violations of the Sixth Amendment. Grounds one and seven claim the State prevented him from obtaining a fair trial by withholding exculpatory evidence; grounds three and eight declare that

Staples' trial counsel provided ineffective assistance by failing to interview potential alibi witnesses.

## I. Failure to Disclose Exculpatory Evidence

Grounds one and seven revolve around a claimed failure of the State to disclose the existence of an eyewitness named Thomas Young to Staples and his defense counsel. The State contends that these claims are procedurally defaulted because Staples failed to raise them in his petition for leave to appeal before the Illinois Supreme Court. Although Staples did not refer to this claim in specific terms in his request for leave to appeal, his first point of argument refers to the trial court's statement that his claims failed to make out the gist of a constitutional claim.[1] In dismissing the petition, the trial judge did not individually address each claim; all were treated as one. It therefore appears that Staples advanced his claim at all levels of the state court system, and it is not barred from our review by procedural default. We

---

[1] According to the transcript of the trial court proceeding, in ruling on Staples' post-conviction petition, the judge stated, "Defendant's claims are bare allegations with supported facts give rise to gist of meritorious constitutional claim." Resp. Exh. J, at A-3. Although this statement appears to indicate that the judge felt that Staples had made a cognizable claim, that cannot be the case in light of the following sentence, which summarily dismisses the petition. This clear contradiction, as well as the missing words and grammatical problems with the quoted sentence, lead this court to question the accuracy of the transcript and therefore to place little reliance on its facial meaning.

therefore turn our attention to the merits of his contention that the prosecution withheld exculpatory evidence.

Staples contends that he was not made aware of the existence of Mr. Young as an eyewitness to the crime until he was provided with his criminal file in August 1997, well after his trial and conviction. However, a police report regarding the line-up that Mr. Young attended states that an attorney from the Public Defender's office was present at the line-up.[2] Staples' submission confirms that this attorney was "provided by the Police Department to quell my concerns over the fairness of the proceedings." Pet. Ans. to Court's Order of July 10, 2003, at 2. Clearly, the Public Defender was present at the line-up as Staples' representative, and she would have seen that Young could not positively identify Staples. Staples makes much of the timing of his receipt of the files containing the police report, but that is of no moment. The existence of Young as an eyewitness and potential witness for the defense was disclosed to Staples' representative by the police department at the time of the line-up, well in advance of his trial. Staples contends that his attorney was not apprised of the importance of this witness at that time, but the duty of the State is to disclose the information, not to

---

[2] In response to our July 10, 2003, order, Staples provided the first page of a two-page police report regarding a line-up. This page indicates that his public defender was present. The second page of the report, contained in Respondent's Exhibit M, reveals that Thomas Young was one of the people who viewed that same line-up. Resp. Exh. M, Exh. B at 2.

instruct defense counsel on how to best employ the information provided. As a result, we cannot conclude that the state court's decision to deny post-conviction relief because of this alleged misconduct was contrary to established federal law or an unreasonable application of the same with respect to Staples' right to receive a fair trial.

## II. Ineffective Assistance of Counsel

In grounds three and eight, Staples alleges his trial counsel provided ineffective assistance by failing to interview potential alibi witnesses he identified to her. He claims that the testimony of these witnesses would establish that he could not have been at the murder scene, thereby establishing his actual innocence.

The State asserts that Staples' challenge to his counsel's effectiveness is subject to procedural default. They base their assertion on the first post-conviction petition Staples filed in the Illinois court, which contained the same allegations. According to the State, the court dispensed of the petition solely because of Staples' failure to attach affidavits to his petition in conformance with 725 ILCS 5/122-2.

Procedural default can occur if "a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002); *see also Szabo v. Walls*, 313 F.3d 392, 395 (7th Cir. 2002) ("A state is entitled to treat as forfeited a proposition that was

not presented in the right court, in the right way, and at the right time–as state rules define those courts, ways, and times."). A dismissal on purely procedural grounds acts as a procedural default to subsequent habeas petitions, if those grounds form a basis for the state court's decision that is independent of the federal issue and adequate to support the disposition. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S. Ct. 2546, 2553 (1991); *Harris v. Reed*, 489 U.S. 255, 261, 109 S. Ct. 1038, 1042 (1989). As the State points out, the order of the appellate court reveals that the court did cite the lack of supporting affidavits as a reason why the petition was denied. However, the order also contains a discussion of the credibility of the testimony as Staples described it. Specifically, the court expressed its belief that the proposed testimony would not establish actual innocence because the times about which the witnesses could testify did not coincide with the time at which the crime occurred. While the court's order is not particularly clear as to the court's specific rationale for denying the petition, the inclusion of this discussion can reasonably be read as an analysis of the merits of Staples' allegation that he was prejudiced by his counsel's decisions vis-à-vis these witnesses. As such, we cannot conclude that the procedural impropriety was the sole basis for the court's decision; thus, grounds three and eight are not procedurally defaulted.

Unfortunately for Staples, this conclusion is not the end of our inquiry. Staples must still show that the merits of his claim of ineffective assistance entitle him to habeas relief. Assistance of counsel is presumably effective, and a party bears a "heavy burden" in establishing ineffective assistance of counsel. *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that the deficient performance so prejudiced the defendant's defense that the trial was unfair and the result unreasonable. *Strickland v. Washington*, 466 U.S. 668, 691-94 (1984).

Here, Staples has not shown that he was prejudiced by his trial counsel's failure to interview the witnesses he claims could establish his innocence. As the state court noted, none of the potential witnesses could vouch for Staples' whereabouts at the time the shootings occurred. Some were as far removed in time as 4 hours. These facts doom Staples' chances of prevailing under the *Strickland* test. Counsel's decision not to interview witnesses that could not place Staples somewhere other than the crime scene at the relevant time is not objectively unreasonable. Furthermore, Staples cannot in good conscience aver that but for his counsel's allegedly unprofessional errors, there was a reasonable probability that his trial would have had a different outcome; it is extremely unlikely that the testimony of these witnesses would have swayed any

decision maker. *Id.* at 694. The state court's decision regarding this claim does not run afoul of any established federal law. Accordingly, there is no basis for a grant of relief under 28 U.S.C. § 2254.

## CONCLUSION

Based on the foregoing, we deny Staples' petition for a writ of habeas corpus.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: SEP 1 0 2003